RECEIVED IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
2001 APR 24  P 1: 59      NORTHERN DIVISION

FILED
APR 26 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

VICTORIA SCOTT KEARLEY,          )
    Plaintiff,                   )
                                 )
                                 )       CIVIL ACTION NO.:  00-D-225-N
v.                               )
                                 )
EQUIFAX, INC., EQUIFAX DIRECT    )
MARKETING SOLUTIONS, INC.,       )
EXPERIAN INFORMATION SERVICES,   )
INC.,                            )
                                 )
          Defendants.            )

## THIRD AMENDED CLASS ACTION COMPLAINT

1.      Plaintiff Virginia Scott Kearley, individually and on behalf of all persons

similarly situated, by her attorneys, makes the following allegations for her third

amended class action complaint.  Plaintiff makes these allegations with knowledge as to

her own acts and upon information and belief and investigation of counsel as to the acts

of others, believing such allegations have evidentiary support or are likely to have

evidentiary support after reasonable opportunity for further investigation and discovery.

## NATURE OF THIS ACTION

2.      Defendants Equifax, Inc., Equifax Direct Marketing Solutions, Inc.,

formerly known as Equifax Consumer Information Services, Inc. (hereinafter referred to

as "Equifax") and Experian Information Solutions, Inc. (hereinafter referred to as

"Experian") are credit bureaus which are now, and have for a number of years been,

engaged in an unlawful scheme of distribution and sale of private and detailed financial,

credit and other confidential information of hundreds of thousands of American



consumers. Defendants each maintain large demographic databases containing dozens of fields of information on millions of Americans. These databases contain information regarding age, gender, estimated income, address, home ownership status, occupation, vehicle ownership type, marital status and other information concerning the personal characteristics and mode of living of millions of individuals. Defendants retrieve private credit and other financial information from their credit databases, generate lists of consumers who meet certain targeted financial criteria, and sell those lists to target marketing and advertising firms, credit and insurance providers, such as credit card companies, insurance companies, banks and consumer finance companies for a substantial profit. Plaintiff and the Plaintiff classes defined herein seek, *inter alia*, to enjoin defendants' unlawful conduct, recovery of statutory, punitive and other damages for defendants' repeated unlawful acts, disgorgement of all unjust gains, and attorneys' fees and costs.

PARTIES

3.    Plaintiff Virginia Scott Kearley is a resident of this District. Plaintiff had multiple credit or loan accounts, and has had her private financial, credit or other confidential information sold and/or disclosed by defendants to third parties in a target marketing list, product or other similar service, without her authorization or consent, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and applicable state law.

4.    Defendant Equifax, Inc. is a Georgia corporation with its headquarters located in Atlanta, Georgia. Equifax, Inc. conducts business throughout the United States, including Montgomery, Alabama.

2

5.     Defendant Experian Information Solutions, Inc. is an Ohio corporation with its U.S. headquarters located in Orange, California.  Experian conducts business throughout the United States, including Montgomery, Alabama.

JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as it arises under the consumer credit laws of the United States set forth in the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and under 28 U.S.C. § 1332.

7.     This Court has supplemental jurisdiction over the state law claims set forth herein under 28 U.S.C. § 1367, as those claims are joined with related claims under the FCRA and/or with claims over which this Court has jurisdiction under 28 U.S.C. § 1332.

8.     Venue is proper in this Court under the FCRA, 15 U.S.C. § 1681p, because one or more defendants reside here within the meaning of 28 U.S.C. § 1391(b) and (c) and have contacts within this district sufficient to subject them to personal jurisdiction herein.

CLASS ALLEGATIONS

9.     This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). Plaintiffs seek certification of the following classes:

(a)     All persons in the United States who, at any time between February 25, 1998, and the present has had his or her name, address and other information maintained by defendant(s) and whose private financial, credit or other confidential information has been disclosed by defendant(s) in a target marketing list, product or other similar service (hereinafter the **"FCRA Class"**);

3

(b)    All persons in the United States who, at any time between February 25, 1996, and the present, have had their private financial, credit or other confidential information disclosed by defendant(s) in a target marketing list, product or other similar service (hereinafter the "**Common Law Class**"); and

(c)    All persons in the United States who, at any time between February 25, 1998, and the present have had their telephone number or their private financial, credit or other confidential information disclosed by defendant(s) in connection with a "firm offer of credit or insurance" (hereinafter the "**Firm Offer Class**").

10.    Excluded from each of the Classes set forth above (hereinafter "Plaintiff Classes") are defendants, any person or other entity employed by, related to, or affiliated with defendants, the judge to whom this case is assigned and his staff, and counsel of record for Plaintiffs.  Also, as used in the above class definitions, "target marketing list, product or other similar service" shall not include "firm offers of credit or insurance."

11.    Plaintiff Classes satisfy all of the requirements for certifying a class, including the requirements of numerosity, commonality, typicality, adequacy, predominance and superiority of the class action device.  Additionally, defendants have acted or refused to act on grounds generally applicable to the class, making injunctive relief and corresponding declaratory relief appropriate to the class as a whole.  Further, prosecution of separate actions by individual Plaintiffs will create the risk of inconsistent and varying adjudications and will establish incompatible standards of conduct for Defendants.

12.    Additionally, prosecution of separate, individual actions, as a practical matter, will be dispositive of the interests of other class members not party to the adjudications or will substantially impair or impede such persons' ability to protect their interests.

4

13.    The members of the Plaintiff Classes are so numerous and geographically dispersed that joinder of all class members in the United States is clearly impracticable.

14.    Questions of fact and law are common with respect to each member of the Plaintiff Classes.  Common questions of fact and law include, among others:

    a.    Whether defendants' disclosures of class members' credit information in target marketing lists, products or services constitute noncompliance with and/or violations of the FCRA;

    b.    Whether defendants' acts of noncompliance with the FCRA were willful;

    c.    Whether defendants' acts of noncompliance with the FCRA were knowing, intentional or reckless acts taken with disregard of the rights of class members;

    d.    Whether defendants' acts of noncompliance with the FCRA were negligent;

    e.    The nature and extent of injunctive relief to which the class members are entitled;

    f.    Whether, as a result of defendants' acts of noncompliance with the FCRA, Plaintiffs and members of the appropriate Plaintiff Classes are entitled to statutory damages and/or attorneys' fees under the FCRA;

    g.    Whether, as a result of defendants' wrongful conduct and/or noncompliance with the FCRA, Plaintiff and the Plaintiff Classes are entitled to nominal damages;

h.      Whether, as a result of defendants' wrongful conduct and/or

noncompliance with the FCRA, Plaintiff and the Plaintiff Classes

are entitled to exemplary and/or punitive damages; and

i.      Whether defendants were unjustly enriched by their wrongful

conduct and the extent of that unjust enrichment.

15.     The claims of the Plaintiff are typical of such claims of the members of the

Plaintiff Classes.  Plaintiff and all members of the Plaintiff Classes have been similarly

affected by defendants' conduct and the members of the Plaintiff Classes have identical

claims against the defendants.  The claims of all of the members of the Plaintiff Classes

depend upon a showing of the wrongful conduct described herein, which give Plaintiff,

individually and as a class representative, the rights to the relief sought herein.

16.     There are no irreconcilable conflicts as between Plaintiff and the other

members of the Plaintiff Classes with respect to this action or the claims for relief.

17.     Plaintiff and her attorneys are able to, and will, fairly and adequately

protect the interests of the Plaintiff Classes.  Plaintiff knows and understands her asserted

rights and her role as class representative.  Plaintiff has no conflicts of interest with the

proposed class members.  Plaintiff's attorneys are experienced class action litigators who

are well able, and possess the resources needed, to conduct the proposed litigation.

Plaintiff's attorneys can vigorously prosecute the rights of the class members of the

proposed Plaintiff Classes.

18.     Prosecution of separate actions by individual plaintiffs will create the risk

6

of inconsistent and varying adjudications and will establish incompatible standards of conduct for defendants in that different courts may order different equitable or other relief or take other inconsistent actions.

19.     Prosecution of separate actions by individual plaintiffs will, as a practical matter, be dispositive of the interests of other proposed class members not party to the adjudications or will substantially impair or impede such persons' ability to protect their interests in that, for example, defendants may exhaust their available funds in satisfying the claims of earlier plaintiffs to the detriment of later plaintiffs.

20.     Defendants have acted and/or refused to act on grounds generally applicable to the proposed class, making final injunctive relief and corresponding declaratory relief appropriate with respect to members of the Plaintiff Classes as a whole in that Defendants have unlawfully disclosed private financial, credit and other confidential information of members of the proposed Plaintiff Classes and have been unjustly enriched.

21.     Common questions of law and fact predominate over any individual issues pertaining to class members.  All of these claims depend on proving that defendants are liable for unlawfully disclosing private financial, credit or other confidential information of members of the proposed Plaintiff Classes.  The proposed evidentiary showings for the claims of each member of the proposed classes would be based on the same documents and testimony concerning defendants' actions.

22.     A class action is superior to the other available methods for the fair, just and efficient group-wide adjudication of this controversy.  Plaintiff and members of the Plaintiff Classes have not interest in individually controlling the prosecution of separate

7

actions and, as a practical matter, are incapable of pursuing individual claims. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system. The class action device allows a court to provide the benefits of a unitary adjudication, judicial economy, and the fair and equitable handling of all Plaintiffs' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and the judicial system, and preserves the rights of each class member. Furthermore, for most class members, a class action is the only feasible mechanism that allows them an opportunity to obtain full legal redress and justice.

     23.    Certification of a class action to resolve these disputes will reduce the possibility of repetitious litigation involving hundreds of thousands of class members. Plaintiff is not aware of any difficulty that would be encountered in the management of Plaintiff's claims which would preclude certification as class claims.

     24.    Certification of the Plaintiff Classes is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and also under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2) and/or 23(b)(3).

FACTS COMMON TO ALL COUNTS

Defendants and Their Consumer Credit Databases

     25.    Defendants engage in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

     26.    Defendants maintain consumer credit information for use in generating

8

consumer reports. These databases include the credit activity of millions of individuals in the United States. The information on these databases is provided to Defendants by credit grantors such as banks, mortgage companies, credit unions, automobile dealers, collection agencies and other entities.

27.     Defendants' database system contains a "record" on each individual, including the name of a consumer and his or her address. Additional individual-level consumer credit information is listed in the database system in a "tradeline," or "field." A tradeline is a segment of a consumer report that reflects a credit relationship between a consumer and a creditor – usually a debt or a potential debt owed by the consumer to the credit grantor. Tradeline information may include, *inter alia*, a customer's account number, telephone number, social security number, and any generational suffix; the open date of the account; the credit grantor's name and code, and its kind of business; the verified date on the account; the type of loan; the credit limit assigned by the credit grantor; payment history and the closed date of the account, if any. A consumer's credit "file" includes all tradelines for that consumer in the database.

28.     Defendants sell tradeline information on millions of individuals nationwide for a substantial profit.

29.     The consumer reports furnished by Defendants (1) communicate information bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living; and (2) are used or expected to be used for, *inter alia*, the purpose of serving as a factor in establishing the consumer's eligibility for personal, family or household credit or insurance (hereinafter referred to as "credit information" or "credit report"). This credit information and the

9

consumer reports furnished by Defendants constitute "consumer reports" within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

30.     Defendants furnish these consumer reports in exchange for monetary fees or dues.  Defendants furnish consumer reports in interstate commerce.  Each of Defendants are a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

31.     Defendants may lawfully furnish a consumer report only for a "permissible purpose" as defined in the FCRA, 15 U.S.C. § 1681b.  These permissible purposes are limited and include, for example, furnishing a consumer report in response to a court order, or in accordance with written instructions of the consumer.

<u>Defendants' Target Marketing Business</u>

32.     Defendants distribute, sell, lease and/or rent (hereinafter referred to collectively as "distribute") "target marketing" lists to third parties.

33.     Target marketing involves selling or advertising goods and services directly to consumers by mail or telephone.  Consumers are picked by, among other criteria, targeted financial or credit-related criteria, including demographic traits. Defendants' target marketing business uses consumer credit information supplied by third parties to prepare lists of consumers who meet certain credit-related and other criteria.

34.     Defendants distribute their target marketing lists throughout the United States to target marketing and other firms for use in soliciting consumers.  Defendants' target marketing customers include, among others, catalogue companies, newspaper and magazine subscription vendors, firms using mail solicitations or telemarketing, as well as target marketing list brokers, managers and wholesalers.

35.     Defendants have, presently and in the past, made available, distributed and otherwise disclosed target marketing lists identifying Plaintiff and other members of the Plaintiff Classes. These lists included information based upon one or more of the following: automobile loans, bank cards, premium bank cards, department store cards, finance trades, status as head of household (*i.e.*, the person with the highest number of trades in a household), mortgage information, marital status and/or status as a mail order buyer.

36.     Defendants have made available, distributed or otherwise disclosed a number of other target marketing lists premised on other selects, indicators and/or estimates.

37.     Defendants promote their databases and target marketing products as a unique source of credit-based information. Defendants acknowledge in their promotional materials that their target marketing lists are premised on consumer credit information.

Defendants' Disclosure of Consumer Reports for Impermissible Purposes

38.     Defendants' target marketing products and lists reflecting the selects, indicators and estimates described above are consumer reports because the lists and products disclose confidential financial and credit information culled from the same consumer reporting database that is also used by credit grantors in making credit eligibility determinations. The presence or absence of a tradeline, bank card, retail account, finance loan, auto loan, collection account or a mortgage, and other types of financial information described above, is used in credit scoring by credit grantors, and in the determination of consumers' eligibility for personal, family or household credit or

11

insurance. Consumers have a strong expectation of privacy and privacy interest in the use of the above confidential financial information from their credit files.

39.    During the 1990s and continuing to the present, Defendants have disclosed consumer reports regarding Plaintiffs and members of the Plaintiff Classes in the form of the target marketing products and lists described above to target marketers and other unaffiliated third parties that did not have a permissible purpose for receipt and use thereof. Defendants have done so without the class members' authorization or consent, and this practice is ongoing. As a result, Defendants have invaded the right to privacy and privacy expectations of Plaintiffs and members of the Plaintiff Classes.

40.    Plaintiffs and members of the Plaintiff Classes are persons who have been harmed, and injured in fact within the meaning of Article III of the *United States Constitution* in that they have, or have had, multiple credit or loan accounts; their names, addresses, and private financial, credit and other confidential information were, and are, included within Defendants' databases used for target marketing; and their names, addresses and private financial, credit and other confidential information were unlawfully misappropriated, disclosed, rented, leased and/or sold by Defendants to unaffiliated third parties in violation of, among other things, Plaintiff's and members of the Plaintiff Classes' rights under the FCRA and rights of privacy, as alleged herein.

41.    Defendants either knew or should have known that their target marketing lists and products constituted consumer reports within the meaning of the FCRA and that those reports were not being used by third parties for a permissible purpose under the FCRA. Defendants nevertheless disclosed, and continue to disclose, such information in violation of the FCRA and the privacy rights of Plaintiff and members of the Plaintiff

Classes.  Defendants have acted willfully, recklessly and/or in conscious disregard for Plaintiffs' rights and the rights of the members of the Plaintiff Classes.  Defendants have derived substantial profits from the unlawful disclosure of consumer information in their target marketing lists and other products.

"Firm Offer of Credit or Insurance" and Related Matters

42.     Information sold by Defendants in their target marketing business is also used in prescreening for transactions consisting of a "firm offer of credit or insurance."

43.     In general, a firm offer of credit or insurance is an offer of credit or insurance that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer.  Such offers are sometimes characterized as "pre-approved" offers of credit or insurance.

44.     Pursuant to the FCRA, Defendants may furnish information for purposes of a credit transaction if, among other things, the proposed transaction involves a "firm offer of credit" to the consumer.  If all of the statutory requirements are met under the FCRA with respect to a firm offer of credit, a consumer reporting agency such as Equifax and Experian may provide only the following information pursuant to a firm offer of credit transaction under Section 1681b(c) of the FCRA:  (A) "the name and address of a consumer," (B) "an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer," and (C) "other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity."

45.     Defendants have also violated the FCRA by, among other things, (i)

disclosing Plaintiffs' and class members' telephone numbers in violation of Section 1681b(c), and (ii) disclosing other information pertaining to a consumer that identifies the relationship or experience of the consumer with respect to a particular creditor or other entity.

46.     Any applicable statutes of limitation which may apply to the claims of Plaintiffs and members of the Plaintiff classes, began to run, if at all, on February 25, 2000, because Plaintiff and members of the Plaintiff classes were completely unaware that Defendants had been disclosing their private financial, credit and/or other confidential information in connection with the sale, lease and/or disclosure of target marketing lists, and members of the Plaintiff classes continue to be unaware that Defendants have unlawfully sold, leased and/or disclosed such information. In addition, or alternatively, the applicable statutes of limitations which may apply to the Plaintiff's and the Class Members' Causes of Action have been equitably tolled because Defendants concealed, and continue to conceal, their unlawful disclosure of telephone numbers and/or private financial, credit and/or other confidential information in connection with the sale, lease and/or disclosure of target marketing lists for firm offers of credit or insurance, in violation of the FCRA, among other things.

### FIRST CAUSE OF ACTION

#### Declaratory Relief under 28 U.S.C. § 2201 for
#### Violation of the FCRA, 15 U.S.C. § 1681 et seq.

47.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein. This cause of action is asserted by Plaintiff, the FCRA Class and the Firm Offer Class.

48.     Through the disclosure, sale and/or lease of the target marketing lists,

products and other similar services described herein, defendants have furnished and continue to furnish consumer reports regarding Plaintiff and members of the FCRA Class to unaffiliated target marketers and other third party vendors.

49.     Defendants' disclosure of the foregoing consumer reports was not and is not made for a permissible purpose under the FCRA, 15 U.S.C. § 1681b.

50.     Through the sale, lease and/or disclosure of private financial, credit and/or other confidential information of Plaintiff and members of the Firm Offer Class in target marketing lists used for firm offers of credit or insurance, Defendants have violated 15 U.S.C. § 1681b(c).

51.     Defendants' disclosure of the foregoing consumer reports violated and continues to violate the FCRA, 15 U.S.C. § 1681, *et seq.*, including 15 U.S.C. §§ 1681b and 1681b(c) thereof.

52.     Pursuant to 28 U.S.C. §§ 2201 and 2202, the Court should declare that defendants have violated the FCRA, and provide all appropriate relief as set forth in the Prayer for Relief.

SECOND CAUSE OF ACTION

Willful Noncompliance with the FCRA, 15 U.S.C. §§ 1681b, 1681n

53.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein.  This cause of action is asserted by Plaintiff and the FCRA Class.

54.     Through the disclosure, sale and/or lease of the target marketing lists,

products and similar services described herein, defendants have furnished and continue to furnish consumer reports regarding Plaintiff and members of the FCRA Class to unaffiliated target marketers and other third party vendors.

55.    Defendants' disclosure of the foregoing consumer reports was and is not made for a permissible purpose under the FCRA, 15 U.S.C. § 1681b.

56.    Defendants' disclosure of the foregoing consumer reports constitutes knowing and intentional acts in conscious disregard for the rights of Plaintiff and members of the FCRA Class under the FCRA, 15 U.S.C. § 1681n.  The Court should therefore award all appropriate relief as set forth in the Prayer for Relief.

THIRD CAUSE OF ACTION

Negligent Noncompliance with the FCRA, 15 U.S.C. §§ 1681b, 1681o

57.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein.  This cause of action is being asserted by the FCRA Class.

58.    Through the disclosure, sale and/or lease of the target marketing lists, products and other similar services described herein, defendants have furnished and continue to furnish consumer reports regarding Plaintiff and members of the FCRA Class to unaffiliated target marketers and other third party vendors.

59.    Defendants' disclosure of the foregoing consumer reports was and is not made for a permissible purpose under the FCRA, 15 U.S.C. § 1681b.

60.    Defendants' disclosure of the foregoing consumer reports constitutes a

failure to use ordinary care and constitutes negligent noncompliance with the FCRA under 15 U.S.C. § 1681o. The Court should therefore award all appropriate relief as set forth in the Prayer for Relief.

FOURTH CAUSE OF ACTION

Invasion of Privacy

61.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if same were set forth herein. This cause of action is asserted by the Common Law Class.

62.    Plaintiff and members of the Common Law Class have a legally protected privacy interest in their private and confidential credit, financial and other personal information and a reasonable expectation of privacy in such information. This right to privacy includes the right not to have someone else profit by the misappropriation and sale of such private and confidential financial information.

63.    As alleged herein, Defendants misappropriated, disclosed and sold the private financial, credit and other confidential information of Plaintiff and members of the Common Law Class without such persons' knowledge, authorization or consent. The unauthorized misappropriation, disclosure and sale of such private facts and information is one that is offensive and objectionable to a reasonable person of ordinary sensibilities. Moreover, the disclosure of such private facts and information as alleged herein does not include information which is of a legitimate public concern.

64.    Defendants violated the rights of privacy of Plaintiff and members of the

Common Law Class by engaging in the unlawful conduct alleged herein, including the unlawful misappropriation, disclosure, sale and/or lease of such private and confidential information.

65.    As a result of the unlawful conduct as alleged herein, the privacy rights of Plaintiff and members of the Common Law Class have been violated, and Plaintiff and members of the Common Law Class have been harmed as a result.

66.    As the unlawful conduct of Defendants alleged herein was intentional, fraudulent, oppressive and/or malicious, Plaintiffs and members of the Common Law Class are entitled to exemplary damages, as well as all appropriate relief set forth in the Prayer for Relief.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

67.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein.  This cause of action is being asserted by the Common Law Class.

68.    Defendants have been unjustly enriched by misappropriating and selling the private financial, credit and other confidential information of Plaintiff and members of the Common Law Class without such persons' knowledge, authorization or consent.

69.    Plaintiff and members of the Common Law Class are entitled to restitution and/or disgorgement of all revenues Defendants have received by selling, leasing or otherwise disclosing such private information as alleged herein, as well as all other appropriate relief as set forth in the Prayer for Relief.

## SIXTH CAUSE OF ACTION

### Willful Noncompliance with FCRA, 15 U.S.C. § 1681b(c)

70.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein.  This cause of action is asserted by the Firm Offer Class.

71.     In connection with the sale, lease and/or disclosure of target marketing lists used for firm offers of credit or insurance, Defendants have furnished information to unaffiliated third party vendors beyond that which is permitted by the FCRA.

72.     Through the sale, lease and/or disclosure of the telephone numbers and/or private financial, credit and/or other confidential information of Plaintiffs and members of the Firm Offer Class in target marketing lists used for firm offers of credit or insurance, Defendants have willfully failed to comply with 15 U.S.C. § 1681b(c).

73.     Defendants' disclosure of the foregoing information constitutes knowing and intentional acts in conscious disregard for the rights of Plaintiff and members of the Firm Offer Class under the FCRA, 15 U.S.C. § 1681n.  The Court should therefore award all appropriate relief as set forth in the Prayer for Relief.

## SEVENTH CAUSE OF ACTION

### Negligent Noncompliance with the FCRA, 15 U.S.C. § 1681b(c)

74.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 as if the same were set forth herein.  This cause of action is asserted by the Firm Offer Class.

75.     In connection with the sale, lease and/or disclosure of target marketing

lists used for firm offers of credit or insurance, Defendants have furnished information to unaffiliated third party vendors beyond that which is permitted by the FCRA.

76.     Through the sale, lease and/or disclosure of the telephone numbers and/or private financial, credit and/or other confidential information of Plaintiff and members of the Firm Offer Class in target marketing lists used for firm offers of credit or insurance, Defendants have negligently failed to comply with 15 U.S.C. § 1681b(c).  The Court should therefore award all appropriate relief set forth in the Prayer for Relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Classes, prays for the following relief:

1.     An order certifying the Plaintiff Classes alleged herein;

2.     An order enjoining defendants from disclosing consumer reports in the form of target marketing lists to any person unless defendants have reason to believe that such person intends to use such lists for a permissible purpose as required by law;

3.     An order enjoining defendants from the misappropriation and invasion of the privacy rights of Plaintiff and members of the Common Law Class through the disclosure of their private financial, credit and other confidential information without their informed written consent.

4.     An order requiring defendants to notify all members of the Plaintiff Classes of their right to be excluded from defendants' target marketing lists and of the manner in which such exclusion may be sought;

5.      A declaration that defendants' sale and/or disclosure of their target marketing lists and other products and services violates the FCRA;

6.      Actual damages, under FCRA, 15 U.S.C. § 1681n, sustained by each consumer as a result of Defendants' failure to comply with the provisions of the FCRA, 15 U.S.C. § 1681, *et seq.*;

7.      Statutory damages under the FCRA, 15 U.S.C. § 1681n, of not less than $100 and not more than $1,000 for each instance of defendants' willful failure to comply with the FCRA, in an amount to be proven at trial.

8.      Punitive damages under the FCRA, 15 U.S.C. § 1681n or 15 U.S.C. § 1681o, or as otherwise permitted by state law, in an amount to be proven at trial;

9.      Nominal damages under the FCRA, 15 U.S.C. § 1681n or 15 U.S.C. § 1681o, or as otherwise permitted under state law, in an amount to be proven at trial;

10.      Disgorgement by defendants of all monies, profits and any other unjust gains derived from their wrongful acts herein alleged;

11.      Pre-judgment interest and post-judgment interest as permitted by law;

12.      Attorneys' fees and costs; and/or

13.      Such further legal and equitable relief as the Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Vivian Vines Campbell (CAM 061)

OF COUNSEL:

WHATLEY DRAKE, L.L.C.
Russell J. Drake
Joe R. Whatley, Jr.
Charlene P. Ford
Vivian Vines Campbell
2323 2nd Avenue North
Post Office Box 10647
Birmingham, AL 35202-0647
(205) 328-9576

## CERTIFICATE OF SERVICE .

I hereby certify that on the 3rd day of April , 2001, a true and correct copy of the foregoing has been served by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed, as follows:

D. Coleman Yarbrough, Esq.
2860 Zelda Road
Montgomery, AL  36106

J. Anthony Love, Esq.
Kilpatrick Stockton
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309

Michelle Blum, Esq.
Jones, Day, Reavis & Pogue
5 Park Plaza, Suite 1100
Irvine, California  92614

Robin Laurie
Balch & Bingham
2 Dexter Avenue
P. O. Box 78
Montgomery, AL  36101-0078

Robert B. Roden, Esq.
Shelby & Cartee
2956 Rhodes Circle
Birmingham, AL  35205

OF COUNSEL